NASEEM STANIKZY, PRO PER
16068 GREENWOOD AVE N, A5
SHORELINE, WA,
KING COUNTY, 98133
(206) 981-6973
STANIKZY.NASEEM@GMAIL.COM

THE HONORABLE STANLEY BASTIAN

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NASEEM STANIKZY,<br><br>*Plaintiff(s)*<br><br>vs.<br><br>WHITMAN COUNTY,<br>THE COUNTY OF WHITMAN,<br>WHITMAN COUNTY SUPERIOR COURT,<br>ISOBEL LUANGAS,<br><br>*Defendant(s)* | Cause No. 2:23-cv-00038-SAB<br><br><u>AMICI CURIAE</u> |

<u>AMICI CURIAE</u>

1) Litigants expect certain things from the federal courts. Most fundamentally, they expect that the rules and procedures applied in their case will be consistent with other cases and that the court will give them the same attention and consideration that other litigants receive.

2) I am a Plaintiff and petitioner in this case and believe that I was entitled to the relief requested. Indigent Plaintiffs in the federal courts face special barriers litigating their claims.

3) Take, for example, the case of William David Burnside. Burnside was a typical indigent Plaintiff, and he followed a typical path—except for the result—through the three levels of the federal court system: the district court, court of appeals, and the U.S. Supreme Court.

4) Burnside's legal drama began on November 9, 2008, when he was arrested for making a fake 911 call that everyone later agreed he did not make. He was jailed for 10 days before the prosecutor dropped the charge. Burnside sued the arresting officers in U.S. District Court for the Western District of Tennessee for false arrest under 42 U.S.C. § 1983 and filed a motion to proceed in forma pauperis (IFP).

5) Because Burnside was indigent and proceeded pro se, he came up against several unique statutory and administrative rules. First, instead of random judicial assignment, Burnside's case was transferred to a particular judge, pursuant to a local administrative order regarding all pro se § 1983 cases.

6) Second, special statutory provisions came into play. Enacted as part of the Prison Litigation Reform Act of 1996 (PLRA), one provision of the IFP statute, 28 U.S.C. § 1915(e)(2), states that a court "shall dismiss" an indigent Plaintiff's

case if it determines that "the action … fails to state a claim on which relief may be granted."

7) Consistent with Federal Rule of Civil Procedure 15, district courts considering dismissing a complaint *sua sponte* (latin phrase which means on one's own behalf; voluntary, without prompting or suggestion.) generally give a Plaintiff notice and an opportunity to amend the complaint.

8) In McGore v. Wrigglesworth, the Sixth Circuit interpreted the phrase "shall dismiss" in § 1915 to bar indigent Plaintiffs from amending their complaints to avoid dismissal.

9) Applying § 1915(e)(2) and the Sixth Circuit's McGore rule, the district court *sua sponte* dismissed Burnside's complaint with prejudice, without notice or an opportunity to amend.

10)   By attempting to proceed IFP (*In forma pauperis*) on appeal, though, Burnside activated additional statutory and administrative rules that apply to only indigent Plaintiffs.

11)   As an indigent Plaintiff, his motions and briefs would first be reviewed by the Sixth Circuit's staff attorneys, and not by the Judges clerks.They did initial research into the record and the applicable law and presented the judges with a recommended disposition and proposed order.

12) The Judges reviewed the staff attorneys recommendations and made all final decisions, but of course, the staff attorneys had considerable influence in the matter, while the Judges varied in how they reviewed the work. This concluded Burnside's legal battle in the Sixth Circuit.

13) Burnside then pursued his only remaining avenue for relief—filing a petition for a writ of certiorari in the U.S. Supreme Court.

14) Burnside's petition would be on the unpaid docket, which was considered separately and viewed by scholars as "generally frivolous and unimportant."

15) The Supreme Court grants certiorari in less than 0.5 percent of forma pauperis cases.

16) Burnside sought support from *amici curiae* (In Latin is "friend of the court.") Clinical law professors Paul Reingold at the University of Michigan and Alistair Newbern at Vanderbilt University, with student assistance, drafted an *amici* brief for him in the case.

17) On May 13, 2013, the Supreme Court granted Burnside a petition for a writ of certiorari.

18) Indigent plaintiffs in the federal courts face special barriers litigating their claims. After *Burnside* and *LaFountain*, Plaintiffs proceeding *in forma pauperis* in the Sixth Circuit no longer face one of the barriers stated in the case and Plaintiffs were also permitted to amend their complaints.

19) Burnside's journey from the district court to the U.S. Supreme Court shows, it can sometimes still take extraordinary efforts to persuade courts to give their claims a fair review.

DATED this Sunday of March 24th, 2024.

*s/ Naseem Stanikzy*
NASEEM STANIKZY, PRO PER
16068 Greenwood Ave N, A5
Shoreline, WA,
King County, 98133
(206) 981-6973
Stanikzy.naseem@gmail.com